# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| JOE R. BOWEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Docket No. 2:10-cv-00033 |
| v. ) | U.S. District Judge Echols |
| ) | Magistrate Judge Bryant |
| DAACO, INCORPORATED, ) | |
| ) | JURY DEMANDED |
| Defendant. ) | |
| ) | |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01 and the Court's Order setting the initial case management conference, the parties submit this Joint Proposed Case Management Order.

**I.     JURISDICTION AND VENUE**

Jurisdiction and venue are not in dispute. This Court has original jurisdiction over Plaintiff's claims based on Plaintiff's allegations of violations of the Age Discrimination in Employment Act and supplemental jurisdiction over Plaintiff's related Tennessee Human Rights Act claim. Venue is appropriate pursuant to 28 U.S.C. § 1391.

**II.    PARTIES' THEORIES OF THE CASE**

   **A.    Plaintiff's Theory**

Plaintiff was born on January 13, 1957, and therefore is presently 53 years old.

Plaintiff was hired by Defendant in November of 1977 as a factory worker. From 1977 until 2008, Plaintiff received multiple promotions and assignments such as line leader, plant supervisor, and industrial division supervisor.

In or about 2006 or 2007, Plaintiff began organizing and implementing the LEAN manufacturing system for torque converter remanufacturing. Defendant's primary business at the Cookeville location was to remanufacture torque converters.

On August 14, 2008, Defendant terminated Plaintiff's employment. Plaintiff had one disciplinary action taken against him in the thirty years he worked for Defendant approximately ten years prior to his termination. Defendant had no performance based reasons for terminating Plaintiff. Plaintiff was replaced with a younger male employee, approximately twenty seven years of age. Plaintiff was as qualified if not more qualified than this individual for the position he held.

In or about February or March of 2010, Plaintiff submitted an application for employment with Defendant in its customer services department but was not given the job. Upon information and belief, Defendant hired a younger employee for this position. Plaintiff was as qualified if not more qualified than the person receiving the job.

Plaintiff's age was a motivating factor in Defendant's decisions to terminate and not rehire him.

B.  **Defendant's Theory**

Plaintiff worked for Defendant over a period of time in which he received a few disciplines. Over time, his position and job duties changed. At the time of his discharge, Plaintiff worked as a production scheduler. In that position, he was responsible for scheduling converter production to maintain controlled inventory levels and to provide extraordinary customer service to Defendant's customers. Plaintiff was also responsible for managing parts of the Lean Plan for Every Part program.

In 2008, Defendant was adversely affected by the persistently poor economy that was affecting all industries but particularly the automotive industry. In analyzing its business necessities to remain a viable company, Defendant decided to eliminate the Lean Plan for which Plaintiff was responsible. Accordingly, his position was eliminated and his scheduler duties were transferred to another employee who is approximately ten years OLDER than Plaintiff.

1076089.1

2

Additionally, Plaintiff makes a claim for failure to rehire. However, Plaintiff has failed to properly complete the application process for any position for which he claims to have applied.

Plaintiff has not and cannot make a claim under the cited statutes and his employment was terminated as a result of a position elimination as part of a reduction in force and for legitimate, non-discriminatory reasons.

### III. ISSUES RESOLVED/IN DISPUTE

    A.    **Issues resolved:** Jurisdiction and venue.

    B.    **Issues in dispute:** Liability and Damages.

### IV. NEED FOR OTHER CLAIMS OR SPECIAL ISSUES ARISING UNDER THE RULES

The parties are not aware of any issues arising under Rules 13-15, 17-21, and 23 of the Federal Rules of Civil Procedure.

### V. TARGET TRIAL DATE

The target jury trial date is **September 20, 2011**. Although it is difficult to predict at this early stage of litigation, the parties estimate a trial lasting approximately three (3) days. Trial will be set by separate order.

### VI. DISCOVERY PLAN

    A.    **Rule 26(a) Disclosures**

The parties shall exchange Rule 26(a) disclosures within fourteen (14) days after the parties' Rule 26(f) conference.

    B.    **Completion of Discovery**

All written discovery shall be served by **October 21, 2010**, so that all responses to written discovery shall be served on or before **November 22, 2010.**

All oral fact discovery shall be completed by **January 21, 2011**.

Discovery is not stayed during dispositive motions unless ordered by the Court.

### C. Discovery Motions

Discovery-related motions are due on or before **January 28, 2011**, or as early as possible after the discovery issue arises. No motions concerning discovery are to be filed until after the parties have conferred in good faith and are unable to resolve their differences.

### D. Disclosure of Experts

The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 10, 2011**. The defendant shall identify and disclose all expert witnesses and reports on or before **February 7, 2011**. The parties shall depose all expert witnesses on or before **April 4, 2011**.

### E. Dispositive Motions

The parties shall file dispositive motions on or before **May 9, 2011**. Responses to dispositive motions shall be filed within twenty-eight (28) days after service. Optional replies shall be filed within fourteen (14) days after service of the response. Absent Court permission, dispositive motions and responsive memoranda are limited to 25 pages, and a reply, if filed, is limited to five pages.

### F. Electronic Discovery

The parties have agreed that the default standard contained in Administrative Order No. 174 will not apply to this case. Each party will designate a person to be responsible for the production of electronic discovery and each party has been instructed to preserve any and all electronic documents involving facts at issue in this lawsuit or that may have relevance to this lawsuit.

### G. Alternative Dispute Resolution

At this time, the parties have not discussed the possibility of any form of alternative dispute resolution. To date, no demand has been presented by Plaintiff.

### H. Follow-up Case Management Conference.

This case is scheduled for a follow-up case management conference by telephone on December 13, 2010, at 1:30 p.m. Counsel for plaintiff shall initiate this call.

It is so **ORDERED**.

*s/ John S. Bryant*

**JUDGE JOHN BRYANT**
United States Magistrate Judge